IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02381-RMR-STV

Center for Legal Advocacy, d/b/a
Disability Law Colorado; and A.A. by and
by and through his grandmother, G.A.,
C.C. by and through her mother, P.C., and
D.D. by and through her mother, P.D.,
individually and on behalf of a class,

      Plaintiffs,

v.

KIM BIMESTEFER, in her official capacity as Executive Director of the Colorado Department of Health Care Policy and Financing,

      Defendant.

**JOINT MOTION REQUESTING CONFERENCE WITH THE COURT**

The Parties jointly move for a Conference with the Court to further explain the structure of the parties Settlement, which includes the filing of an Amended Complaint and the Administrative Closure of this Case, and in support state as follows.

1. This case was brought on September 3, 2021 as a putative class action alleging that the Defendant (hereinafter the "Department") had failed to provide Plaintiffs, as Medicaid-eligible children with mental health or emotional disorders, the necessary services that they require in order to avoid unnecessary hospitalization and institutionalization. [Doc. 1.]

2. Over a year later, on September 28, 2022, the Department's Motion to Dismiss was granted and Plaintiffs' initial complaint was dismissed for lack of subject matter jurisdiction. [Doc. 59.] However, the Court permitted the case to remain open and granted Plaintiffs leave to file an amended complaint to cure pleading deficiencies. *Id.*

1

3.      Since that time, the Parties have been actively engaged in settlement negotiations. The Parties have had to seek several extensions of time from the Court in order to allow these complex negotiations to continue. After much work and collaboration from both sides, the Parties have successfully entered into a Settlement Agreement as of February 22, 2024. *See* Exhibit A.

4.      Per the Settlement Agreement terms, the Department has agreed to retain and work with a consultant to develop an implementation plan for delivering intensive behavioral health services to Medicaid-enrolled children, and to ensure substantial compliance with that plan as it is implemented over the next five years. Exhibit A, ¶¶ 5.1-5.3.

5.      In exchange, Plaintiffs have agreed to a full and final release of any and all claims against the Department in this action, but only after the term of the settlement agreement has elapsed (60 months) and it is determined that the Department is in substantial compliance with the Settlement Agreement. Exhibit A, ¶ 7.3. At that time, the Settlement Agreement will expire and the Parties will file a joint motion to dismiss this Case with prejudice. Exhibit A, ¶ 7.2.

6.      In the meantime, however, during the pendency of the Settlement Agreement term, the Parties have agreed to work together as the Department moves toward completing the achievements set forth in Section 5 of the Agreement. For example, the Department will communicate with Plaintiffs' counsel as it develops the implementation plan (Ex. A, ¶ 4.1.5); the Department will present the completed implementation plan to Plaintiffs' counsel within twelve months of the effective date (Ex. A, ¶ 4.8); and the Department will consult with Plaintiffs' counsel about any amendments or updates that are needed (Ex. A, ¶ 4.10).

7.      Given this collaborative structure, a robust dispute resolution process has been built into the Settlement Agreement—one that necessarily includes a final step which would

invoke this Court's oversight for the limited purpose of resolving disputes related to substantial compliance. Ex. A, Section 6.

8. More specifically, the Parties have committed to pursuing a problem-solving approach to disputes so that disagreements can be resolved informally, amicably and, hopefully, without the need for this Court's involvement. Ex. A, ¶ 6.1. However, should a dispute arise, the Parties have agreed first to provide each other notice in writing of the concern and allow for written responses to address the problem. Ex. A, ¶¶ 6.2.1-6.2.3. If that process does not satisfy the concern, then a meeting and good faith conferral between the Parties is required to discuss the basis of the dispute and possible avenues for resolution. Ex. A, ¶ 6.2.4. If such conferral is still not successful in addressing the problem, then the Parties have agreed to attend an informal mediation conference with the expert consultant. Ex. A, ¶ 6.2.5. Only once all of the foregoing dispute resolution tools described above are attempted in good faith but determined to be unsuccessful may the Parties seek intervention by this Court. Ex. A, ¶ 6.2.6. Plaintiffs may then file a motion with the Court seeking narrowly tailored relief to the concern raised. *Id.*

9. To effectuate the dispute resolution process contemplated by the Settlement Agreement, Plaintiffs must first file an amended complaint. This is because this Case is not being settled as a class action, but rather as a negotiated settlement agreement among and between the Parties. As such, an Amended Complaint is necessary for the Court to have jurisdiction to review any disputes related to substantial noncompliance with the Settlement Agreement, should a dispute require such intervention. Plaintiffs must have standing in order to be able to enforce the terms of the Settlement Agreement, as contemplated by the dispute resolution provision described above.

10. Then, once an Amended Complaint is filed, the Settlement Agreement contemplates that the Parties will file a motion requesting that this Court administratively close this case pursuant to D.C.COLO.LCivR 41.2. Administrative closure allows for this Court to retain jurisdiction only for the purpose of providing a forum in which to address any alleged failures by the Department to maintain substantial compliance, as described in Section 6 of the Settlement Agreement.

11. Pursuant to D.C.COLO.LCivR 41.2, "[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause." Thus, the Parties expect that only in instances where the Parties are unable to resolve a dispute over substantial compliance with the Settlement Agreement, even after using all of the tools described in Section 6, will Plaintiffs file a motion to reopen the matter for good cause—i.e., for the limited purpose of resolving the dispute.

12. Accordingly, based on this structure, Plaintiffs sought to comply with the Settlement Agreement by obtaining the Department's written consent [Doc. 94] and filing a Motion for Leave to File an Amended Complaint. [Doc. 95.] The next step would have been for the Parties to file a motion seeking administrative closure of the case. However, before that motion could be filed, this Court denied Plaintiffs' Motion for Leave to File an Amended Complaint and instructed the Parties to file dismissal papers or a joint status report on or before March 26, 2024. [Doc. 98.]

13. Thus, the Parties now seek a conference before this Court to further discuss the Settlement Agreement, discuss any questions the Court may have, and seek guidance regarding next steps.

WHEREFORE, the Parties respectfully request a Conference with this Court to further explain the structure of the parties Settlement Agreement, as described above, and seek guidance as to the Amended Complaint and the Administrative Closure of this Case.

Respectfully submitted this 5th day of March, 2024.

|  |  |
|---|---|
|  | PHILLIP WEISER<br>Attorney General |
| *s/ Robert H. Farley, Jr.*<br>Robert H. Farley, Jr.<br>Robert H. Farley, Jr., Ltd.<br>1155 S. Washington St., Suite 201<br>Naperville, IL 60540<br>Telephone: 630-369-0103<br>farleylaw@aol.com | /s/ Corelle M. Spettigue<br>*Corelle M. Spettigue*<br>Senior Assistant Attorney General<br>*Jennifer L. Weaver*<br>First Assistant Attorney General<br>*Justine M. Pierce*<br>*Ryan K. Lorch*<br>Senior Assistant Attorneys General |
| and | Colorado Department of Law<br>State Services Section |
| Jane Perkins<br>National Health Law Program<br>1512 E. Franklin St., Ste. 110<br>Chapel Hill, NC 27514<br>Telephone: 919-968-6308<br>perkins@healthlaw.org | 1300 Broadway, 6th Floor<br>Denver, CO 80203<br>Telephone: (720) 508-6141<br>FAX: (720) 508-6041<br>Email: corelle.spettigue@coag.gov |
| and | Attorneys for Defendant |
| Kim Lewis<br>National Health Law Program<br>3701 Wilshire Blvd, Suite #750<br>Los Angeles, CA 90010<br>Telephone: 310-736-1653<br>lewis@healthlaw.org |  |
| and |  |
| Kelly McCullough<br>Emily Harvey<br>Disability Law Colorado<br>455 Sherman Street<br>Suite 130 |  |

5

Denver, CO  80203
Telephone:  303-722-0300
kmccullough@disabilitylawco.org

Attorneys for Plaintiffs